## JOHN BEJARANO, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 20466

December 7, 1990                  801 P.2d 1388

*Douglas Norberg,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a petition for post-conviction relief. Appellant John Bejarano was charged in the death of Roland Wright, a Reno cab driver who was found shot in the head. Appellant was convicted of first degree murder with the use of a deadly weapon, robbery with the use of a deadly weapon, possession of a sawed-off rifle, possession of a stolen vehicle, carrying a concealed weapon, and possessing a firearm while an ex-felon. Appellant was sentenced to death, pursuant to a jury verdict, as well as to six prison terms of fifteen years, six years, six years, one year, and six years, respectively. Appellant's direct appeal was dismissed by this court. He then filed a petition for post-conviction relief in the district court, but was denied. This appeal followed.

Appellant challenges the legality of his death penalty, claiming that four of the six aggravating circumstances are inapplicable as a matter of law or were not proved as a matter of fact. This court, pursuant to NRS 177.055(2)(b),[1] reviewed this contention on direct appeal and concluded that the record supported the finding of all six aggravating circumstances. "The law of a first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same." Hall v. State, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) (citations omitted). Therefore, this court's prior ruling represents the law of the case and will not be disturbed.

---

[1]NRS 177.055(2)(b) provides in relevant part:

2. Whether or not the defendant or his counsel affirmatively waives the appeal, the sentence must be reviewed on the record by the supreme court, which shall consider, in a single proceeding if an appeal is taken:

. . . .

(b) Whether the evidence supports the finding of an aggravating circumstance or circumstances; . . . .

Appellant next contends that his trial attorney's failure to call any witnesses, including himself, to testify that his Miranda[2] rights were not read to him constitutes ineffective assistance of counsel.

Appellant's claim of ineffective assistance of counsel is analyzed under the "reasonably effective assistance" standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by this court in Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), cert. denied 471 U.S. 1004 (1985). The Strickland standard requires a two-prong analysis. First, the defendant must show that counsel's performance was deficient. This analysis requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the sixth amendment. Second, defendant must show that the deficient performance prejudiced the defense. This analysis requires showing the counsel's errors must be so serious that they deprived defendant of a fair trial. Id. at 687. Moreover, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Strickland explained prejudice as showing that the decision reached would reasonably likely have been different absent the asserted errors. Id. Here, appellant cannot make this showing because the trial judge, at appellant's post-conviction relief hearing, made it clear that calling Bejarano to the stand would have made little difference: "the evidence before the Court was that the arresting officers had read the defendant his Miranda rights. At most, calling the petitioner to testify would have raised a credibility issue to be decided by the court since there would have been conflicting testimony."

Moreover, no other witnesses who could have testified that appellant was not read his Miranda rights are mentioned in appellant's brief; thus, without knowing who these other witnesses are, or indeed, if any even exist, we cannot determine whether appellant was prejudiced by his trial attorney's failure to call witnesses to testify that his Miranda rights were not read to him. Therefore, because appellant has failed to make the requisite showing of prejudice, he has failed to show that he received ineffective assistance of counsel, and we are not required to address the other prong of the test.

The record contains evidence that appellant has personality

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

disorders and a low intelligence. Appellant's trial counsel, however, failed to present these factors as mitigating circumstances at the penalty hearing. We consider *sua sponte* whether failure to present such evidence constitutes ineffective assistance of counsel in light of Deutscher v. Whitley, 884 F.2d 1152 (9th Cir. 1989). In *Deutscher*, appellant's trial counsel failed to investigate and present appellant's mental history as a mitigating circumstance at the penalty hearing. The *Deutscher* court found that such a failure constitutes ineffective assistance of counsel. Here, the record indicates that appellant's trial counsel made a tactical decision not to present such evidence at the penalty hearing phase. Furthermore, evidence of appellant's anti-social personality may have inflamed the jury even more. Therefore, we hold that counsel's decision not to present evidence concerning appellant's personality disorders and low intelligence does not constitute ineffective assistance of counsel.

Because appellant's contentions lacked merit, the district court properly denied appellant's petition for post-conviction relief. Accordingly, we hereby affirm the order of the district court.