GENE GLENN JACKSON, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 7817

July 9, 1975                                    537 P.2d 473

---

*Horace Rodlin Goff,* State Public Defender, and *Michael R. Griffin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert C. Manley,* District Attorney, and *Gary E. DiGrazia,* Deputy District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

Gene Glenn Jackson entered a plea of guilty to the felony charge of battery with intent to commit mayhem. NRS 200.-400. He was sentenced; placed on probation, which he later violated; and eventually incarcerated in the Nevada Prison.

Jackson has petitioned for post-conviction relief, primarily on the ground that he was denied effective assistance of counsel at the time he entered his plea. His petition was summarily denied below without an evidentiary hearing. We reverse and remand, with instructions to conduct an evidentiary hearing in accordance with the views expressed herein.

1. On February 28, 1972, the District Court appointed the state deputy public defender to represent Jackson. Jackson claims that the deputy did not meet with him until the morning set for the preliminary examination, March 10, 1972, even though he had been in jail since February. At this March 10 meeting, counsel urged petitioner to waive the preliminary examination and plead guilty. At the advice of counsel, the preliminary hearing was waived. An information was filed on March 16, 1972, to which Jackson entered his guilty plea. The information contained a list of witnesses, including the policemen and a doctor. Jackson, in his petition, claims that his counsel made no pretrial investigation of his case. According to the presentence report, dated March 27, 1972, a part of this record, there was no offense report filed, neither the victim nor any witnesses could be located, and policemen interviewed indicated that no one at the bar (the scene of the incident) knew what had happened. In fact, after repeated trips to the bar, the investigating officers were never able to produce any concrete information regarding the incident.

A defendant's right to assistance of counsel is satisfied only when such counsel is effective. Powell v. Alabama, 287 U.S. 45, 71 (1932). Effective counsel does not mean errorless counsel, but rather counsel whose assistance is "[w]ithin the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). While Nevada law presumes that counsel has fully discharged his

duties, and will recognize the ineffectiveness of counsel only when the proceedings have been reduced to a farce or pretense, Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6, 7 (1974), it is still recognized that a primary requirement is that counsel ". . . conduct careful factual and legal investigations and inquiries with a view to developing matters of defense in order that he may make informed decisions on his client's behalf both at the pleading stage . . . and at trial. . . ." In re Saunders, 472 P.2d 921, 926 (Cal. 1970). If counsel's failure to undertake these careful investigations and inquiries results in omitting a crucial defense from the case, the defendant has not had that assistance to which he is entitled. In re Saunders, *supra;* People v. Stanworth, 522 P.2d 1058 (Cal. 1974). Further, in People v. White, 514 P.2d 69, 71–72 (Colo. 1973), the court noted that the American Bar Association Standards for Criminal Justice set forth minimum standards by which the assistance of counsel may be judged. The following sections of *The Defense Function Standard* are of particular relevancy here: 1.1(b) (Role of the Defense Counsel), 3.2 (Interviewing of Client), and 4.1 (Duty to Investigate).

2. Battery with intent to commit mayhem is a specific intent crime to which the defense of diminished capacity is applicable. NRS 193.220. The record before us indicates that petitioner, an Indian with a fourth-grade education, had been drinking for some 20 hours before the incident, much of that time with his friend, the victim, and that he had no recollection of the event. Without more, we do not know whether or why defense counsel urged a waiver of the preliminary examination and failed to apprise petitioner of the defense of diminished capacity.

The Ninth Circuit Court of Appeals dealt with a similar situation in Brubaker v. Dickson, 310 F.2d 30 (1962). There, the appellant urged that through lack of investigation and preparation Brubaker's court-appoint counsel failed to discover and present substantial defenses which appellant had to the charge against him, among them being a lack of capacity to form the intent required for first-degree murder. After reviewing the allegations, the court said, at 38–39:

"Upon an examination of the whole record, we conclude that appellant alleged a combination of circumstances, not refuted by the record, which, if true, precluded the presentation of his available defenses to the court and the jury through

no fault of his own, and thus rendered his trial fundamentally unfair. Appellant does not complain that after investigation and research trial counsel made decisions of tactics and strategy injurious to appellant's cause; the allegation is rather that trial counsel failed to prepare, and that appellant's defense was withheld not through deliberate though faulty judgment, but in default of knowledge that reasonable inquiry would have produced. . . . It follows that appellant must have an opportunity to support the allegations of his petition, by proof, in a hearing before the District Court."

3. Petitioner additionally urges that his plea was not entered voluntarily with a full understanding of the nature of the charges. Since an evidentiary hearing must be conducted, it is presumed that the district court will take testimony on the voluntariness of petitioner's plea.

The case is reversed and remanded to the district court for appropriate hearing consistent with this opinion.