## BARRY EDWARD GRONDIN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9603

January 9, 1978                                       573 P.2d 205

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; and *George E. Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*[1]

Barry Edward Grondin appeals his conviction and sentence for second degree murder, contending his acts were not the proximate cause of Wilbur Peterson's death.

The record reveals appellant went to Peterson's apartment, started a fight, severely beat Peterson about the head and shoulders, and repeatedly kicked him in the chest and abdomen. The fight was witnessed by Mrs. Peterson who heard

[1]The Chief Justice designated Hon. David Zenoff, Chief Justice (Retired), to sit in this case. Nev. Const. art. 6, § 19; SCR 244.

appellant yell: "You're going to die, you're going to die." The police subsequently arrived and took Peterson to the hospital. The initial emergency room examination revealed one fractured rib, a broken nose, and normal vital signs. The examining doctor also diagnosed a ruptured bowel.

After being taken to the x-ray room for further examination, Peterson's condition rapidly deteriorated. He went into shock and died several minutes later. A pathologist testified the cause of death was a ruptured spleen from a massive blunt force; the autopsy revealed four fractured ribs.

Appellant's claim that his acts were not the proximate cause of death hinges upon testimonial discrepancies concerning the number of broken ribs. The examining doctor discovered only one fractured rib; the pathologist found four. Thus, appellant reasons, some unknown person at some unknown time must have broken three more ribs and caused Peterson's spleen to rupture.

If appellant's theory were the only legally permissible explanation for Peterson's demise, appellant arguably would not be legally responsible for the homicide, because there might then appear gross negligence or medical malpractice sufficient to constitute a supervening intervening force to break the causal chain. *See* State v. Ulin, 548 P.2d 19 (Ariz. 1976); People v. Calvaresi, 534 P.2d 316 (Colo. 1975); Pettigrew v. State, 554 P.2d 1186 (Okla.Crim. 1976). However, "[t]he jury was at liberty to accept or reject all or a part of such [expert] opinion." *See* Eisentrager v. State, 79 Nev. 38, 48, 378 P.2d 526, 532 (1963). It was therefore quite appropriate for the jury not to credit all findings of the emergency room doctor's initial examination, but to infer instead, from the severity of the beating and the pathologist's findings, that Peterson actually had four broken ribs at the time he entered the hospital.

Appellant's other contentions have no arguable merit.

Affirmed.