JOHN JULIUS LENZ, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11413

February 25, 1981                    624 P.2d 15

*Donald C. Hill,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *John C. Giomi,* District Attorney, Lyon County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant of battery with a deadly weapon. On appeal Lenz contends that his conviction should be reversed either because the trial judge erred when he denied Lenz's motion for a judgment of acquittal, or because he was denied the effective assistance of counsel in his trial below. Our review of the record presented and the oral argument we have heard has convinced us that neither one of the appellant's claims is meritorious. Accordingly, we affirm the appellant's conviction.

1. We have said in construing NRS 175.381[1] that, "[t]he granting of an advisory instruction to acquit rests within the sound discretion of the court." Geer v. State, 92 Nev. 221, 223, 548 P.2d 946 (1976). The trial court did not abuse its discretion when it declined to offer an advisory verdict on the appellant's behalf, given the evidence which had been presented by the State to link the appellant to the crime. *Geer,* cited above.

2. Effective counsel does not mean errorless counsel, but rather counsel whose assistance is within the range of competence demanded of attorneys in criminal cases. Jackson v. Warden, 91 Nev. 430, 432, 537 P.2d 473 (1975). Nevada law presumes that counsel fully discharge their duties, and that presumption can only be overcome by strong and convincing proof to the contrary. Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6 (1974). The standard by which a claim of counsel ineffectiveness is to be tested is whether the performance of counsel was of such low caliber as to reduce the trial to a sham, a farce or a pretense. *Id.*

---

[1]NRS 175.381, the statutory provision concerned with advisory verdicts, provides that, "[i]f, at any time after the evidence on either side is closed, the court deems the evidence insufficient to warrant a conviction, it *may* advise the jury to acquit the defendant, but the jury is not bound by such advice." (Emphasis added.)

The performance by appellant's trial counsel did not reduce his trial to a sham, farce or pretense.[2] Appellant's trial counsel performed his role in a manner that was "[w]ithin the range of competence demanded of attorneys in criminal cases." *Jackson,* cited above.

---

[2]Furthermore, we think the representation afforded to appellant satisfied the less stringent test recognized by the Ninth Circuit Court of Appeals, *i.e.,* whether counsel has rendered reasonably effective assistance. *See* Cooper v. Fitzharris, 551 F.2d 1162, 1166 (1977).