BARRY EDWARD GRONDIN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12463

October 16, 1981                                    634 P.2d 456

*Norman Y. Herring,* State Public Defender, *Michael K. Powell,* Special Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const. art. 6, § 19; SCR 10.

## OPINION

*Per Curiam:*

Appellant, Barry Edward Grondin, was convicted by a jury of second degree murder on November 26, 1976. The judgment of conviction was affirmed by this court on January 9, 1978. Grondin v. State, 94 Nev. 5, 573 P.2d 205 (1978).

Appellant filed a petition for post-conviction relief in district court on June 15, 1978, requesting to proceed *in forma pauperis* and to have counsel appointed in his behalf. The petition, which alleged that appellant received ineffective assistance of counsel at trial, was denied and this appeal followed.

Appellant cites three grounds which he contends justify reversal: (1) the attorney representing him at the post-conviction stage of the proceedings denied him the Sixth Amendment right to effective assistance of counsel;[1] (2) the trial court erred by failing to conduct an evidentiary hearing on the merits of his petition for post-conviction relief in which he raised constitutional issues of law and fact; and (3) the attorney representing him at trial also failed to provide him with effective assistance of counsel in violation of the Sixth Amendment.

The case law is well-settled as to the minimum standard that is expected of lawyers in representing criminal defendants. In the recent case of Lenz v. State, 97 Nev. 65, 624 P.2d 15 (1981), this court restated that rule:

> Effective counsel does not mean errorless counsel, but rather counsel whose assistance is within the range of competence demanded of attorneys in criminal cases. Jackson

---

[1] Appellant is represented by different counsel in this appeal.

v. Warden, 91 Nev. 430, 432, 537 P.2d 473 (1975). Nevada law presumes that counsel fully discharge their duties, and that presumption can only be overcome by strong and convincing proof to the contrary. Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6 (1974). The standard by which a claim of counsel ineffectiveness is to be tested is whether the performance of counsel was of such low caliber as to reduce the trial to a sham, a farce or a pretense. *Id.* 97 Nev. at 66, 624 P.2d at 16.

Upon examining the record on appeal, we conclude that counsel for appellant at the post-conviction proceedings failed to provide the required caliber of representation. The memorandum of points and authorities which he filed in the district court violated the prohibition set forth in Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969), that counsel must avoid briefing against his client's position. The record also clearly indicates that the argument of appellant's attorney at the post-conviction proceeding on November 15, 1978, that the petition was frivolous, was instrumental in causing the district court to deny the petition. Moreover, counsel failed to protect the rights of appellant by neglecting to request that an evidentiary hearing be conducted on the merits of the petition, when it was apparent that at least one constitutional issue was posed.

Appellant asserts that the district court should have accorded him a hearing on the merits of his petition for post-conviction relief because he raised constitutional questions of law and fact. Appellant's claim that the performance of his trial attorney denied him of his Sixth Amendment right to effective representation is, under the circumstances of this case, a question of fact. We stated in Doggett v. State, 91 Nev. 768, 771, 542 P.2d 1066, 1068 (1975):

> Where factual allegations are made which, if true, could establish a right to relief, a convicted person must be allowed an evidentiary hearing on such issue, unless the available record repels such allegations. Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974).

Appellant, therefore, should have had an evidentiary hearing on the merits of his petition, but because counsel at the post-conviction stage of the proceedings neglected his responsibility, such a hearing was neither requested nor conducted.

Appellant contends here that trial counsel also provided inadequate legal assistance. Because a hearing was not conducted on the merits of the petition, the district court did not

have sufficient information when rendering its judgment. It would, therefore, be inappropriate for this court to address that issue before a decision has been made by the district court in compliance with this opinion.

Accordingly, the judgment of the district court denying appellant's petition for post-conviction relief is reversed and remanded with instructions that an evidentiary hearing be conducted on the merits of the petition and that, pursuant to NRS 177.365, appellant be present at such hearing.[2]

It is so ORDERED.

[2]Respondent's contention that the notice of appeal was not filed timely is without merit. Although the district court denied the petition from the bench on November 15, 1978, the order was not actually filed until December 12, 1980. In accordance with NRAP 4(b), the filing of the notice of appeal was timely.