MICHAEL FRANK DRAKE, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 22741

August 5, 1992                                                   836 P.2d 52

*Michael Frank Drake,* In Proper Person, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Respondent.

524

## OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court denying a petition for post-conviction relief.

On November 15, 1989, the district court, pursuant to a jury verdict, convicted appellant of three counts of sexual assault and sentenced appellant to three concurrent terms of fifteen years in the Nevada State Prison. This court dismissed appellant's direct appeal.

On June 5, 1991, appellant filed in the district court a petition for post-conviction relief. That petition was opposed by the state. On October 14, 1991, the district court, without appointing counsel or conducting an evidentiary hearing, denied appellant's petition. This appeal followed.

On February 28, 1992, this court filed an order noting that our preliminary review of the record on appeal indicated that the district court may have erred in dismissing appellant's petition for post-conviction relief without an evidentiary hearing. In that order we expressed the following concerns:

> In the instant case, appellant has alleged ineffective assistance of counsel. Specifically, appellant has alleged that his counsel failed adequately to oppose a motion in limine to exclude the victim's criminal record. Attached to appellant's petition was what appears to be a record of numerous arrests of the victim for various crimes, including prostitution, and providing false information to a police officer. We note that the state's motion in limine asserts that the victim's criminal record is of no relevance because appellant planned to use an alibi defense, thus making consent irrelevant. Further, the state argued that prior sexual history was inadmissible merely to challenge credibility. NRS 50.090. We are not convinced, however, that the state's arguments are well taken. First, there is no inconsistency in asserting an alibi defense and also challenging the victim's veracity with an extensive arrest record. Second, it is not at all clear that NRS 50.090 would apply to an arrest record for prostitution. Accordingly, if appellant's allegations are true, his trial counsel was arguably ineffective for not attempting to bring this information to the attention of the jury.

Accordingly, we ordered the state to show cause why the order of the district court denying appellant's petition for post-conviction relief should not be vacated and this matter remanded to the district court for a proper consideration of appellant's claims. The state has now responded to our order.

The state first contends that appellant failed to show that his counsel was ineffective pursuant to Strickland v. Washington, 466 U.S. 668 (1984). The state's reliance on *Strickland,* however, is misplaced. The question in this case is not whether appellant proved his counsel was ineffective, but whether appellant made allegations which entitled him to an evidentiary hearing. *See* Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984); Grondin v. State, 97 Nev. 454, 634 P.2d 456 (1981).

The state concedes that, under certain circumstances, evidence of prior sexual conduct may be admitted into evidence to prove consent. NRS 48.069.[1] Nevertheless, the state argues that appellant's alibi defense made the issue of consent irrelevant. The state suggests that the only possible relevance of the victim's arrest record would be to attack her veracity. The state notes that evidence of prior sexual conduct is inadmissible to attack the credibility of a victim of sexual assault. NRS 50.090.[2] Finally, the state notes that only felony convictions may be used to attack

---

[1]NRS 48.069 reads as follows:

In any prosecution for sexual assault or for attempt to commit or conspiracy to commit a sexual assault, if the accused desires to present evidence of any previous sexual conduct of the victim of the crime to prove the victim's consent:

1. The accused must first submit to the court a written offer of proof, accompanied by a sworn statement of the specific facts that he expects to prove and pointing out the relevance of the facts to the issue of the victim's consent.

2. If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at the hearing allow the questioning of the victim regarding the offer of proof.

3. At the conclusion of the hearing, if the court determines that the offered evidence:

(a) Is relevant to the issue of consent; and

(b) Is not required to be excluded under NRS 48.035, the court shall make an order stating what evidence may be introduced by the accused and the nature of the questions which he is permitted to ask. The accused may then present evidence or question the victim pursuant to the order.

[2]NRS 50.090 reads as follows:

In any prosecution for sexual assault or statutory sexual seduction or for attempt to commit or conspiracy to commit either crime, the accused may not present evidence of any previous sexual conduct of the victim of the crime to challenge the victim's credibility as a witness unless the prosecutor has presented evidence or the victim has testified concerning such conduct, or the absence of such conduct, in which case the scope of the accused's cross-examination of the victim or rebuttal must be limited to the evidence presented by the prosecutor or victim.

the credibility of a witness, and that the victim was convicted only of misdemeanors. NRS 50.095.

The state's argument is without merit. In Cox v. State, 102 Nev. 253, 721 P.2d 358 (1986), this court considered the refusal of a district court to allow a defendant accused of attempted sexual assault to show that the alleged victim applied for an escort license shortly after the incident. This court held that the district court's refusal to allow Cox to show that the victim applied for an escort license was a violation of Cox's rights under the confrontation clause of the Sixth and Fourteenth Amendments to the United States Constitution. *Id.* at 256-57, 721 P.2d at 360.

An arrest record for prostitution is much more than simple evidence of prior sexual conduct. The victim's arrest record shows a long-standing pattern of criminal dishonesty and sexual crimes. This would appear to be clearly probative to an allegation of sexual assault. To deny appellant the right to introduce this evidence would be to deny him the right to confront, in any meaningful way, the most significant witness against him.

The rape shield laws contained in NRS 48.069 and 50.090 were enacted to promote important policies, and reverse certain antiquated misconceptions concerning rape. This court has previously explained the purpose behind Nevada's rape shield laws, as follows:

> Such laws have generally been designed to reverse the common law rule applicable in rape cases, that use of evidence of a female complainant's general reputation for morality and chastity was admissible to infer consent and also to attack credibility generally. Thus, for example, it had been held: "It is a matter of common knowledge that the bad character of a man for chastity does not even in the remotest degree affect his character for truth, when based upon that alone, while it does that of a woman." State v. Sibley, 33 S.W. 167, 171 (Mo. 1895), quoted in State v. Brown, 636 S.W.2d 929, 933 n. 3 (Mo. 1982), *cert. denied sub nom.,* Brown v. Missouri, 103 S.Ct. 1207 (1983). Such statutes as Nevada's have been described as "directed at the misuse of prior sexual conduct evidence based on this antiquated and obviously illogical premise." State v. Hudlow, 659 P.2d 514, 519 (Wash. 1983). *See also* People v. McKenna, 585 P.2d 275, 278 (Colo. 1978). An additional purpose of such statutes is "'to protect rape victims from degrading and embarrassing disclosure of intimate details about their private lives.'" 124 Cong. Rec. at H 11945 (1978), quoted in Doe v. United States, 666 F.2d 43, 45 (4th Cir. 1981). Finally, "[t]he restrictions placed on the admissibility of certain evidence by the rape-shield laws will, it was hoped,

encourage rape victims to come forward and report the crimes and testify in court protected from unnecessary indignities and needless probing into their respective sexual histories." State v. Lemon, 456 A.2d 261, 264 (R.I. 1983).

Summitt v. State, 101 Nev. 159, 161, 697 P.2d 1374, 1375 (1985).

When dealing with illegal acts of prostitution, however, the policies behind the rape shield laws largely disappear. Illegal acts of prostitution are not intimate details of private life. They are criminal acts of sexual conduct engaged in, for the most part, with complete strangers. The legislature could not have intended to afford special protection, beyond that afforded to other criminal conduct, to acts of illegal prostitution just because those acts happen to involve sexual conduct. We hold that NRS 48.069 and NRS 50.090 do not apply to illegal acts of prostitution. This is not to say that a victim's prior arrest record for prostitution must always be admitted in a sexual assault case. By this opinion, we merely place a prior arrest record for prostitution on an equal footing with other evidence of misconduct. Like other kinds of evidence, a prior arrest record for prostitution is subject to considerations of, for example, confusion and prejudice. NRS 48.035.[3] In the appropriate case, a district court could properly exercise its discretion by refusing to admit such evidence.

Further, we note that "[s]pecific instances of the conduct of a witness . . . other than conviction of crime" are not admissible for the purpose of attacking credibility. NRS 50.085(3). Even in the case of conviction of a crime, in order to be admissible for the purpose of attacking credibility the crime must be one "punishable by death or imprisonment for more than 1 year . . . ." NRS 50.095(1). Therefore, while a defendant might be entitled to ask a witness about an arrest record for prostitution, he would normally not be able to introduce extrinsic evidence of such a record if the only purpose of the evidence was to attack the credibility of the witness. NRS 50.085(3).

Next, assuming, without suggesting, that it would be inconsistent for appellant to assert an alibi defense and also introduce the

---

[3]NRS 48.035 reads, in part, as follows:

1. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury.

2. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

victim's arrest record, there is no rule of law which would prohibit appellant from presenting inconsistent defenses. Even if the defenses are inconsistent and competent counsel would only present one of them, it is not at all clear that competent counsel should not have attempted to impeach the victim with her arrest record rather than use an alibi defense. From the documents attached to appellant's petition for post-conviction relief, it appears that the victim had been arrested approximately twenty-one times for prostitution, twice for providing false information to a police officer, six times for obstructing a police officer, and once each for contempt of court and possession of false identification. This type of information may well have been much more convincing to a jury than an alibi defense offered in the face of the victim's testimony that appellant was, indeed, the perpetrator.

Appellant's petition for post-conviction relief plainly contained contentions, supported by specific allegations of fact which, if true, would entitle appellant to relief. Those contentions were not repelled by the record. Therefore, appellant was entitled to an evidentiary hearing. *See* Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984); Grondin v. State, 97 Nev. 454, 634 P.2d 456 (1981).

Accordingly, we vacate the order of the district court denying appellant's petition for post-conviction relief. We remand this matter to the district court for a proper consideration of appellant's claims.[4]

---

[4]Although appellant has not been granted permission to file documents in this matter in proper person, *see* NRAP 46(b), we have received and considered appellant's proper person documents. We deny as moot appellant's motion for appointment of counsel, and appellant's motion for an extension of time in which to file an opening brief.