KENNETH D. McKAGUE, Appellant, *v.* WARDEN, HAROL L. WHITLEY, Nevada State Prison, Respondent.

No. 25816

February 29, 1996　　　　912 P.2d 255

[Rehearing denied July 24, 1996]

*James J. Jackson,* Public Defender and *Roger H. Stewart,* Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General and *Keith G. Munro,* Deputy Attorney General, Carson City; *Noel Waters,* District Attorney, Carson City, for Respondent.

## OPINION

By the Court, Shearing, J.:

Kenneth McKague was convicted of two counts of first-degree murder and other crimes in 1979. He was sentenced to death for the murders. This court affirmed the conviction and the sentence in McKague's direct appeal. McKague v. State, 101 Nev. 327, 328, 705 P.2d 127, 128, *cert. denied,* 474 U.S. 1038 (1985). McKague subsequently filed a Post-Conviction Petition for a Writ of Habeas Corpus pursuant to NRS 177.315-385 in the Second Judicial District Court, alleging ineffective assistance of his trial counsel.[1] The district court denied the petition. McKague's counsel failed to timely appeal. Because McKague's counsel filed an untimely appeal, this court dismissed the appeal for lack of jurisdiction. McKague v. State, Docket No. 19228 (Order Dismissing Appeal, August 25, 1988).

---

[1]McKague later filed a motion to rename his post-conviction petition for a writ of habeas corpus a "Petition for Post-Conviction Relief," pursuant to Daniels v. State, 100 Nev. 579, 688 P.2d 315 (1984). The motion was granted.

McKague filed a second post-conviction petition for a writ of habeas corpus in proper person, alleging, *inter alia,* prior and additional claims of ineffectiveness of trial counsel and a new claim of ineffectiveness of his first post-conviction counsel for counsel's failure to file a timely appeal. The district court dismissed the petition with prejudice concluding that some claims had already been disposed of on the merits in the prior petition, and the other claims could have been raised in McKague's first petition; the district court determined that McKague's failure to assert those new grounds in the prior petition constituted an abuse of the writ. *See* NRS 34.810(2). The district court further concluded that post-conviction counsel's failure to timely perfect an appeal could not constitute "cause" for filing a successive petition, because McKague was not entitled to effective assistance of counsel in post-conviction proceedings pursuant to Coleman v. Thompson, 501 U.S. 722 (1991) (counsel's failure to timely file notice of appeal in state court did not excuse procedural default to permit habeas review).[2] The district court also concluded that Grondin v. State, 97 Nev. 454, 634 P.2d 456 (1981), which sets forth the standard for what constitutes failure to provide the required caliber of representation in post-conviction proceedings, was inapplicable. Finally, the district court concluded that, in any event, McKague failed to demonstrate that he was prejudiced by his counsel's failure to appeal, stating that McKague "failed to

---

[2]Because this was McKague's second petition for post-conviction relief, pursuant to NRS 34.810(3) he had to establish "cause" and "prejudice" in order to reargue issues which were previously rejected on their merits or to raise new grounds. NRS 34.810 provides, in pertinent part:

    1.   The court shall dismiss a petition if the court determines that:
   . . . .
   (b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:
     (1) Presented to the trial court;
     (2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or post-conviction relief; or
     (3) Raised in any other proceeding that the petition has taken to secure relief from his conviction and sentence,
unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.
    2.   A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
    3.   Pursuant to subsections 1 and 2, the petitioner has the burden of pleading and proving specific facts that demonstrate:
   (a) Good cause for the petitioner's failure to present the claim or for presenting the claim again; and
   (b) Actual prejudice to the petitioner.

demonstrate that the result would have been different had the appeal been timely."

McKague appeals, arguing that (1) he has a right to effective assistance of counsel in post-conviction proceedings, (2) the ineffective assistance of his post-conviction counsel prejudiced his ability to litigate his substantive claims and was sufficient to excuse the procedural default, and (3) the district court erred in applying the doctrine of the law of the case to claims he had already presented in his first petition.

McKague has no statutory right to counsel in a post-conviction proceeding. Nevertheless, McKague argues that *Grondin* provides for a state law right to effective assistance of counsel in a post-conviction proceeding for three reasons. First, he asserts that *Grondin* is still good law and has not been overruled by this court. Second, he argues that United States Supreme Court case law does not undermine or negate *Grondin,* because the Nevada Supreme Court may interpret the state constitution to provide the appellant with greater protection than that provided by the United States Constitution. Third, McKague contends that although the United States Supreme Court recognized in Coleman v. Thompson, 501 U.S. 722 (1991), and Pennsylvania v. Finley, 481 U.S. 551 (1987), that there is no federal right to effective assistance of counsel or to counsel at all in post-conviction proceedings, these decisions do not alter the law of states which recognize the right to effective assistance of counsel. McKague cites Commonwealth v. Albert, 561 A.2d 736 (Pa. 1989), decided subsequent to *Finley* and on state law grounds, for the proposition that submission of a post-conviction brief completely lacking in substance constitutes ineffective assistance of counsel.

It is true that under the Sixth Amendment to the United States Constitution there is no right to effective assistance of counsel, or to counsel at all, in post-conviction proceedings. *See Coleman,* 501 U.S. at 752; *Finley,* 481 U.S. at 555; Bonin v. Vasquez, 999 F.2d 425, 429-30 (9th Cir. 1993).

The Nevada Constitution also does not guarantee a right to counsel in post-conviction proceedings, as we interpret the Nevada Constitution's right to counsel provision as being coextensive with the Sixth Amendment to the United States Constitution. *Cf.* Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), *cert. denied,* 471 U.S. 1004 (1985) (adopting the federal standard of review for petitions alleging ineffective assistance of counsel claims in Nevada). We note that *Grondin* was not decided as a

matter of state constitutional law. The allegation of ineffective assistance of post-conviction counsel in *Grondin* was raised pursuant to the Sixth Amendment to the United States Constitution. 97 Nev. at 455, 634 P.2d at 457. As a result, it is clear that *Grondin* was decided based upon this court's interpretation of Sixth Amendment jurisprudence. It is now clear from *Coleman* and *Finley* that the right to counsel under the United States Constitution never extended to state collateral proceedings and that this court merely misperceived the status of federal law in *Grondin*.[3]

McKague concedes that if he has no right to effective assistance of counsel in a post-conviction proceeding, he cannot complain that his post-conviction counsel failed to timely appeal. We hold that McKague has no right to effective assistance of counsel, let alone any constitutional or statutory right to counsel at all, in his post-conviction proceedings.[4]

Because McKague has no federal constitutional, state constitutional or statutory right to counsel, or effective assistance of counsel, in a post-conviction proceeding, McKague cannot demonstrate "good cause" for filing a successive petition based on an ineffectiveness of post-conviction counsel claim. NRS 34.810(3). Where there is no right to counsel there can be no deprivation of

---

[3]The fact that in *Grondin,* 97 Nev. at 456, 634 P.2d at 457, we stated that "Nevada law presumes" effective assistance of counsel in post-conviction proceedings can only mean that this court made such a presumption based upon its perception of existing federal law at the time given the concurrence in meaning between the Sixth Amendment and Article 1, section 8 of the Nevada Constitution.

[4]In the debate concerning the right to effective counsel, some argue that the right to effective counsel should extend to a first post-conviction proceeding, since that is the first time that a petitioner can challenge the effectiveness of his trial counsel's performance. Indeed, in Nevada, the appropriate vehicle for review of whether counsel was effective is a post-conviction relief proceeding. *See* Gibbons v. State, 97 Nev. 520, 523, 634 P.2d 1214, 1216 (1981) (examination of the trial record alone is insufficient—the more appropriate vehicle for presenting a claim of ineffective assistance of counsel is through post-conviction relief so that an evidentiary hearing may be held).

We need not address whether there exists such an exception to the general rule that a petitioner is not entitled to constitutionally effective post-conviction counsel because one state court has addressed McKague's ineffectiveness of trial counsel claims: the district court in McKague's first post-conviction petition. The effectiveness of McKague's counsel before that court is not at issue here. McKague contends that it was the ineffectiveness of his counsel during the appeal from that determination that constitutes "good cause" to excuse his default. It is clear that McKague has no constitutional right to effective counsel on appeal from the denial of his first post-conviction petition. *See Coleman,* 501 U.S. at 755-57.

effective assistance of counsel and hence, "good cause" cannot be shown based on an ineffectiveness of post-conviction counsel claim. *Cf. Coleman,* 501 U.S. at 752-54 (clarifying that attorney error can be "cause" only if it constitutes ineffective assistance of counsel violative of the Sixth Amendment).[5]

In any event, we note that it would not have mattered if McKague's post-conviction counsel had timely appealed, as McKague's claims lack merit. McKague lists twelve claims of ineffective assistance of his trial counsel for this court to consider.[6] He argues that the existence of any of the errors demon-

---

[5]NRS 34.820(1)(a) *mandates* that counsel be appointed in a petitioner's first post-conviction proceeding when a petitioner is under sentence of death. This statute became effective on January 1, 1993, and was not operative at the time McKague was appointed post-conviction counsel. As a matter of statutory interpretation, we note that where state law *entitles* one to the appointment of counsel to assist with an initial collateral attack after judgment and sentence, "[i]t is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel." *Albert,* 561 A.2d at 738. Thus, a petitioner may make an ineffectiveness of post-conviction counsel claim if that post-conviction counsel was appointed pursuant to NRS 34.820(1)(a).

[6]McKague lists the following twelve errors in his opening brief, which have been paraphrased:

1. Counsel's failure to withdraw an insanity plea when not arguing insanity.

2. Counsel's concession of guilt in the opening statement clearly merits a new trial under Jones v. State, 110 Nev. 730 (1994).

3. Complete failure of trial counsel to investigate the case and impeach the alleged accomplices, i.e. to investigate what the indeterminate blood stains on appellant's clothing indicated; to investigate who was the "trigger-man" in a case which, as here, hinged on witness credibility.

4. Counsel's stipulation to admitting prior grand jury testimony by an alleged accomplice is incredibly incompetent and constitutes prejudicial ineffectiveness in view of Bruton v. United States, 391 U.S. 123 (1968). Failure to object to similar testimony has already led to reversal because of ineffectiveness of counsel.

5. Trial counsel failed to challenge inaccurate and biased jury instructions and prosecutorial misconduct in closing.

6. Trial counsel's waiver of the right to a closing statement, thus completing a total abandonment of the appellant at that stage of the trial. In part, this abandonment appears to have happened because counsel thought the appellant stank.

7. Trial counsel's almost abject failure at sentencing to have investigated and to present mitigating circumstances—including evidence of appellant's relatives who wished to testify about the childhood, disposition, and history of appellant.

8. Trial counsel's failure to object at sentencing to the use of a "rap sheet" and the improper cross of the lone defense witness, including an apparently unsubstantiated question indicating that the appellant had tried to kill his mother. This last accusation could apparently have been refuted by

strates a reasonable probability that this court would have reversed the district court's denial of his first petition. He also argues that the cumulative effect of multiple errors may have deprived him of a fair trial. While McKague cites to the record on appeal and cites case law for the proposition that his trial counsel was ineffective, he does not explain the circumstances surrounding each allegation of ineffectiveness, why the district court was incorrect, and/or whether case law issued subsequently applies retroactively.

In the decision denying McKague's first petition, the Second Judicial District Court concluded that his substantive claims were not meritorious. We conclude that the district court did not abuse its discretion in denying McKague's first post-conviction petition because his claims indeed were not meritorious. Therefore, the result would not have been different had his post-conviction counsel timely appealed.

After an evidentiary hearing on McKague's second petition, the First Judicial District Court concluded that the prior decisions of this court and the Second Judicial District Court constituted the law of the case and that any claim previously decided was procedurally barred under that doctrine. McKague argues that the First Judicial District Court, in dismissing his second petition, erred by concluding that the doctrine of the law of the case applies because this court had not considered the merit of his claims.

The doctrine of the law of the case is inapplicable because only appellate court decisions may constitute the law of the case. *See* Hall v. State, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Instead, NRS 34.810(2) governs this situation:

the mother of appellant who wished to testify but was advised not to by trial counsel.

9. Trial counsel's failure to object to jury instructions and to argument based on enhancement factors other than those in the prosecution's statement of intent to seek the death penalty. Moreover, finding of depravity of mind and torture—one of the unnoticed factors found by the jury—has since been found to be unconstitutional where, as here, these items were not defined for the jury.

10. Failure to object to the prosecutor's improper arguments that imposing the death penalty would make certain the appellant would not kill again, that imposing it was a deterrent, and an inflammatory reference to Nazi Germany.

11. Trial counsel was ineffective in failing to object to the prosecutor's language which implied that commutation of a death sentence was impossible.

12. Trial counsel was ineffective in both the trial and penalty phases by failing to raise and brief issues that three other parties, besides appellant's cousin, were accomplices.

A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

NRS 34.810(2) provides that a court must dismiss a successive petition if it determines that the petition fails to allege new claims and the prior determination was on the merits; if new claims are alleged, the court must dismiss the successive petition if it determines that the failure to raise those claims in a prior petition constitutes an abuse of the writ.

The claims that the First Judicial District Court refused to review were not new or different grounds for relief, but rather were claims that the Second Judicial District Court had already determined on the merits in McKague's first petition.[7] While McKague also asserted new claims for relief, the district court concluded that McKague's failure to assert those grounds in a prior petition constituted an abuse of the writ, which conclusion McKague does not challenge here. Given these circumstances, the district court had to dismiss McKague's second petition pursuant to NRS 34.810(2), which it did, unless, of course, McKague could show "good cause" for his failure to present the claims or for presenting them again and "actual prejudice."

However, the only "good cause" McKague argues for failing to raise the same claims again on appeal is the alleged ineffective assistance of his post-conviction counsel in failing to timely appeal the denial of the first petition. Because we have already concluded that this does not constitute "good cause," given that McKague has no right to counsel or effective assistance of counsel in a post-conviction proceeding, the district court did not err in dismissing McKague's petition.

For the foregoing reasons, we affirm the district court's order denying McKague's second post-conviction petition for a writ of habeas corpus.

STEFFEN, C. J., and YOUNG and ROSE, JJ., concur.

SPRINGER, J., dissenting:

Footnote 6 of the majority opinion lists twelve claims of

---

[7]The Second Judicial District Court's disposition on the merits of McKague's claims in the first petition was a final decision that may not be relitigated by the filing of a successive petition. See Washington v. State, 104 Nev. 309, 311, 756 P.2d 1191, 1193 (1988).

ineffective assistance by McKague's trial counsel. No judicial tribunal has heard these claims on their merits. This is a death penalty case, and I believe that McKague's claims should be heard on their merits.

I see the majority's denying McKague a hearing on his second post-conviction petition to be overly-technical and contrary to the interests of justice. I am of the view that if a death-sentenced defendant is provided with counsel by the State, the defendant has an implied right to decent and competent representation. The majority is apparently of the opposite view when it holds that that "[w]here there is no right to counsel[,] there can be no deprivation of effective assistance of counsel, and hence, 'good cause' cannot be shown based on an ineffectiveness of post-conviction counsel claim." It is quite clear (if by no other indication than the failure to file a timely appeal) that McKague was not adequately represented. I am unwilling to overlook the unfairness inherent in ignoring this fact.

I disagree with the majority's conclusion that the failure of McKague's counsel to file a timely appeal "does not constitute 'good cause,' given that McKague has no right to counsel or effective assistance of counsel in a post-conviction proceeding." I do not believe that once counsel is appointed to represent a petitioner for post-conviction relief in a death case that a reviewing court can ignore incompetent representation of such a client. In my opinion, the ineffective representation given to McKague in this case constitutes good cause for permitting McKague to assert this position in post-conviction proceedings. I would remand to the trial court to give McKague the opportunity to be heard.