OPINION
By the Court,
Young, J.:

FACTS

John Bejarano (“Bejarano”) was found guilty of murder in the first degree, robbery with the use of a deadly weapon and several other crimes. Bejarano was sentenced to death on the murder charge and additional prison terms for the remaining convictions.
Bejarano’s direct appeal was dismissed by this court. Bejarano v. State, Docket No. 19023 (Order Dismissing Appeal, December 22, 1988).
*1468 On February 21, 1989, Bejarano filed a petition for post-conviction relief with the Second Judicial District Court. That petition alleged ineffective assistance of counsel, prosecutorial misconduct, insufficient evidence and incompetence of petitioner to stand trial. After denial, Bejarano appealed to this court maintaining that aggravating circumstances to uphold the death penalty were inapplicable as a matter of law or were not proved as a matter of fact and he received ineffective assistance of counsel from his trial attorney. We found that these contentions lacked merit and that the trial court properly denied Bejarano’s petition for post-conviction relief. Bejarano v. State, 106 Nev. 840, 843, 801 P.2d 1388, 1390 (1990).
Bejarano then filed a petition seeking federal habeas review pursuant to 28 U.S.C. § 2254. The United States District Court dismissed Bejarano’s petition without prejudice because the petition included unexhausted claims. Bejarano then petitioned the Seventh Judicial District Court for a writ of habeas corpus. That court denied Bejarano’s petition primarily based on NRS 34.810. This appeal followed.

DISCUSSION

Bejarano raised thirty-five claims in his petition for a writ of habeas corpus. The district court dismissed all Bejarano’s claims primarily based on NRS 34.810. NRS 34.810 provides, in relevant part:
1. The court shall dismiss a petition if the court determines that:
(b) The petitioner’s conviction was the result of a trial and the grounds for the petition cduld have been:
(1) Presented to the trial court;
(2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or post-conviction relief; or
(3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence, unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.
2. A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
3. Pursuant to subsections 1 and 2, the petitioner has the *1469 burden of pleading and proving specific facts that demonstrate:
(a) Good cause for the petitioner’s failure to present the claim or for presenting the claim again; and
(b) Actual prejudice to the petitioner. . . .
Bejarano argues that the district court erred in determining that Bejarano’s claims should be dismissed because the district court did not inquire into the existence of “cause” or “prejudice.” However, the only assertion of “cause” raised by Bejarano was that his post-conviction relief counsel was ineffective.
In Pennsylvania v. Finley, 481 U.S. 551 (1987), the United States Supreme Court specifically stated that there is no right to counsel in state post-conviction relief proceedings. The court in Finley reasoned:
Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.
Id. at 556-57 (citations omitted).
In addition, the Supreme Court held that the rule in Finley should apply no differently in capital cases than in non-capital cases. Murray v. Giarratano, 492 U.S. 1, 10 (1989).
In McKague v. Warden, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996), we held that “McKague has no right to effective assistance of counsel, let alone any constitutional or statutory right to counsel at all, in his post conviction proceedings.” We further stated, “Where there is no right to counsel there can be no deprivation of effective assistance of counsel and hence, ‘good cause’ cannot be shown based on an ineffectiveness of post conviction counsel claim.” Id. at 164-65, 912 P.2d at 258. Therefore, Bejarano has failed to provide good cause for neglecting to raise issues in his earlier proceedings.
Bejarano argues that Grondin v. State, 97 Nev. 454, 634 P.2d 456 (1981), shows this court’s desire to provide effective assistance of counsel during post-conviction proceedings. Grondin concluded that “counsel for appellant at the post-conviction *1470 proceedings failed to provide the required caliber of representation.” Id. at 456, 634 P.2d at 458. However, because we have already decided this issue in McKague, and because we do not want to go beyond Finley, Grondin is overruled to the extent that it is inconsistent with this opinion.
While it may be regrettable, we cannot guarantee every defendant effective counsel for every claim that may be raised. Defendants have made a sham out of the system of justice and thwarted imposition of their ultimate penalty with continuous petitions for relief that often present claims without a legal foundation. As one court stated, “We have created a web of procedures so involved that they threaten to engulf the penalty itself.” State v. Steffen, 639 N.E.2d 67, 73 (Ohio 1994) (limiting post-conviction relief for capital cases).
Therefore, an indigent defendant may choose to accept discre-tionarily appointed counsel;[1] however, that counsel need not be “effective” as is required of counsel during trial and on direct appeal. The logic behind such a rule is that if counsel for post-conviction proceedings, as well as trial and direct appeal, must meet the same standards, then claims of ineffective assistance of counsel in the immediate prior proceeding may be raised ad infinitum.
Finally, Bejarano also argued that the district court erred in relying on an incomplete record to deny his petition. Bejarano explains that his attorney failed to lodge several important documents with the court; therefore, the court should not have concluded that “on the record” Bejarano’s post-conviction counsel was effective.
This argument is without merit. First, and most decisively, as discussed above, a petitioner during post-conviction proceedings has no right to effective assistance of counsel unless that court is mandated by statute to appoint counsel. See McKague, 112 Nev. at 165 n.5, 912 P.2d at 258 n.5. Therefore, since the district *1471 court was not required by NRS 177.345(1) to appoint counsel for Bejarano, it did not err in denying the claim.
Second, Bejarano had the “burden of pleading and proving specific facts that demonstrate: (a) Good cause for the petitioner’s failure to present the claim or for presenting the claim again; and (b) Actual prejudice to the petitioner.” NRS 34.810(3) (emphasis added). A petitioner for post-conviction relief has the burden of establishing the factual allegations in support of his petition. Lozada v. State, 110 Nev. 349, 353-54 n.3, 871 P.2d 944, 947 n.3 (1994). The failure of Bejarano’s court-appointed counsel in this post-conviction proceeding to provide the record relevant to his petition does not constitute the “good cause” required by NRS 34.810. Therefore, contrary to Bejarano’s contention, this failure does not preclude the district court from dismissing his petition.
In sum, we do not recognize an independent right to effective assistance of counsel during post-conviction proceedings, unless that counsel was mandatorily appointed pursuant to statute. See McKague, 112 Nev. at 165 n.5, 912 P.2d at 258 n.5. Therefore, Bejarano must present other more specific facts that establish “cause” and “prejudice,” besides the performance of his post-conviction relief counsel. In addition, the district court did not err by failing to consider the entire record.
Bejarano’s other contentions have been considered and rejected.[2] The order of the district court is affirmed.
Steffen, C. J., and Rose and Shearing, JJ., concur.

In 1989, when Bejarano filed his prior post-conviction petition, NRS 177.345(1) allowed a court to use its discretion when deciding whether to appoint counsel for an indigent petitioner. This statute has since been repealed. However, NRS 34.750, still in effect, also allows discretionary appointment of counsel to indigent petitioners for post-conviction relief. Since Bejarano was not appointed counsel pursuant to a statutory mandate, he is not automatically entitled to effective assistance of that counsel. See McKague v. Warden, 112 Nev. 159, 165 n.5, 912 P.2d 255, 258 n.5 (1996) (concluding that when a petitioner is entitled to appointment of counsel, that right includes effective assistance of counsel).

One of Bejarano’s claims during his second post-conviction proceeding was that his direct appeal counsel was ineffective. This court has considered this claim and has determined that it is without merit.