Springer, J.,
dissenting:
As in McKague v. Warden, 112 Nev. 159, 912 P.2d 255 (1996), I disagree with the majority’s conclusion that in an adversarial criminal proceeding the State may be represented by counsel but an indigent defendant “has no right to effective assistance of counsel.” Such a conclusion is, to me, inherently unfair; if the State provides an indigent defendant with counsel, that defendant must also be given some right of judicial review if the defendant claims to have been prejudiced by the ineffective performance of the provided attorney.
I say that if the court appoints counsel, that counsel is obligated to provide effective representation. I will not be engaging in a polemic on the constitutional niceties relating to the rights of *1472 accuseds to be represented by counsel; instead, I base my case for providing effective counsel to impoverished criminal defendants on our own statutory scheme. Simply stated, our statutes allow for the appointment of counsel in post-conviction proceedings; and to me, appointment of counsel means appointment of effective counsel and not ineffective counsel.
NRS 34.724 provides that a criminal defendant has the right to apply for post-conviction relief. If the defendant is indigent, the court is empowered to appoint counsel. NRS 34.750(1) (“[T]he court may appoint counsel to represent the petitioner.”). Once counsel undertakes the representation of such a defendant, I cannot believe that the misdeeds or faulty representation of that counsel should be able to escape the judicial review of this court.[1]
My views are based on the assumption that all judicial irregularities must be subject to some kind of review by instituted appellate authority. Thus, for example, if a defendant were to come to us claiming that his attorney had missed the filing deadline in an appeal or had been drunk during the post-conviction proceedings, I do not think that it would be wise or just to turn our backs on such a claimant. If, as the majority rules, an indigent defendant has no right to effective counsel and no right to judicial review of “counsel’s performance in post-conviction proceedings,” then even the kinds of gross attorney malpractice mentioned above would escape judicial review. This does not seem fair to me.
I do not feel called upon to discuss the scope of review that would be necessary in post-conviction cases because the majority has turned down any and all claims to the right of review by indigent defendants on the issue of effectiveness of counsel in post-conviction proceedings. It is my view that judicial review of some kind is mandated once counsel has been appointed by the district court. It does not seem reasonable to me that an attorney can be appointed and then not be subject to any surveillance or subsequent review of ineffective and prejudicial performance on the attorney’s part.
I am aware of the contention of some that a holding which gives to an indigent defendant the right to review of counsel’s performance in post-conviction proceedings might possibly lead *1473 to a reluctance on the part of district judges to appoint counsel at all in these kinds of proceedings. I believe, however, that in any case in which an indigent defendant presented to the court reasonable grounds for post-conviction relief, it would be very probable that the judge in such a case would appoint counsel. Ordinarily such counsel would perform effectively, but when this was not the case, such a situation should be subject to review by the appellate court.
There are those who say that permitting review of the performance of counsel in post-conviction matters would result in a facing-mirrors effect, wherein proof of ineffectiveness of counsel would only result in the appointment of other counsel whose performance would then, in turn, be subject to further review, ad infinitum. This conjecture does not appear to me to present as great a menace to the fair administration of criminal justice as permitting a very bad and prejudicial performance by counsel in post-conviction proceedings to pass without any remedy by way of judicial review.
In Grondin v. State, 97 Nev. 454, 456, 634 P.2d 456, 458 (1981), this court in reviewing performance of counsel in post-conviction proceedings ruled that “counsel for appellant at the post-conviction proceedings failed to provide the required caliber of representation.” I do not fully understand this court’s excuse for now denying completely a defendant’s right to review the “caliber of representation” of post-conviction counsel, as we have done in the past. I disagree with this change in course and with this court’s overruling of Grondin.

If the majority were to hold that ineptness of defense counsel were subject to some kind of judicial review, I might then be persuaded to accept the position of the Indiana Supreme Court, as quoted in the majority opinion, in Baum v. State, 533 N.E.2d 1200, 1201 (1989), that it may not be necessary for this court “to judge [the attorney’s] performance by the rigorous standard set forth in Strickland v. Washington,” but certainly I would disagree with the majority’s holding that an indigent defendant “has no right to effective assistance of counsel.” (Emphasis added.)