# IN THE SUPREME COURT OF THE STATE OF NEVADA

RODNEY LYN EMIL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65627

**FILED**

APR 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a fourth postconviction petition for a writ of habeas corpus in a death penalty case. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Rodney Lyn Emil shot and killed his stepfather on Father's Day in 1984. A jury convicted him of first-degree murder and sentenced him to death. This court affirmed his conviction and sentence on direct appeal. *Emil v. State*, 105 Nev. 858, 784 P.2d 956 (1989). In this appeal from the denial of his fourth postconviction petition for a writ of habeas corpus, Emil argues that the district court erred by denying his petition as procedurally barred without conducting an evidentiary hearing.

Because he filed his petition on October 7, 2013, approximately 23 years after this court resolved his direct appeal, the petition was untimely under NRS 34.726(1). The petition was also successive because he had previously sought postconviction relief and therefore was procedurally barred. NRS 34.810(1)(b)(2). To overcome the procedural defaults, Emil had to demonstrate good cause and prejudice. NRS 34.726(1); NRS 34.810(3).

16-12672

As cause to overcome the procedural default rules, Emil argues that postconviction counsel who represented him in his 1992 postconviction proceedings rendered ineffective assistance and abandoned him, as evidenced by this court's removal of counsel.[1] *Emil v. State*, Docket No. 28463 (Order, June 24, 1997). His claim lacks merit because he had no right to the effective assistance of postconviction counsel. While it is arguable whether the petition filed in 1992 can be considered his first postconviction petition in light of his 1990 postconviction petition that was not expressly resolved by the district court, both postconviction petitions were filed before the effective date of the statute mandating appointment of counsel for a first postconviction habeas petition in a death penalty case. *See* NRS 34.820(1); 1991 Nev. Stat., ch. 44, §§ 32-33, at 92; *Mazzan v. Warden*, 112 Nev. 838, 841 n.1, 921 P.2d 920, 921 n.1 (1996). Because counsel was not appointed pursuant to NRS 34.820, Emil did not have a right to the effective assistance of postconviction counsel. *See Bejarano v. Warden*, 112 Nev. 1466, 1470 n.1, 929 P.2d 922, 925 n.1 (1996); *McKague v. Warden*, 112 Nev. 159, 165 n.5, 912 P.2d 255, 258 n.5 (1996).

---

[1]To the extent Emil relies on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), and *Maples v. Thomas*, 565 U.S. ___, 132 S. Ct. 912 (2012), as good cause to excuse the delay in raising his postconviction claims, his claim lacks merit. His postconviction petition was filed more than one year after *Martinez* and *Maples* were decided, and therefore he did not raise this claim within a reasonable time. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Moreover, we held in *Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 871-72 (2014), that *Martinez* does not apply to Nevada's statutory procedures. To the extent Emil relies on *Maples* for the proposition that counsel's abandonment may constitute good cause, we conclude that he was not abandoned as contemplated by *Maples*.

Accordingly, the ineffective assistance of postconviction counsel cannot serve as good cause to overcome the procedural bars.[2] *Pellegrini v. State*, 117 Nev. 860, 887-88, 34 P.3d 519, 537-38 (2001). Therefore, the district court did not err by denying the petition as procedurally barred without conducting an evidentiary hearing. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (observing that an evidentiary hearing is warranted only where a petitioner "asserts specific allegations that are not belied or repelled by the record and that, if true, would entitle him to relief").

In addition to the procedural bars in NRS 34.726 and NRS 34.810, the district court denied the petition based on laches under NRS 34.800. Emil argues that NRS 34.800 does not apply because the State failed to explain how it was prejudiced by the delay in filing the petition. His contention lacks merit for two reasons. First, because five years elapsed between the appeal of the judgment of conviction and the filing of the postconviction petition, a rebuttable presumption of prejudice to the State arose. NRS 34.800(2). Therefore, Emil, not the State, bore the burden of overcoming that presumption, *id.*, and he has not done so. Second, even assuming that he could overcome the laches bar, his petition is procedurally barred under NRS 34.726 and NRS 34.810.[3]

---

[2]To the extent Emil argues that he continued to be deprived of conflict-free counsel after initial counsel was removed, that circumstance does not constitute good cause because he still did not have the right to the effective assistance of postconviction counsel.

[3]Emil argues that he is actually innocent of first-degree murder and the death penalty. Below, he asserted a claim that he is actually innocent of the death penalty because the jurors' "deliberations did not involve

*continued on next page . . .*

Having considered Emil's arguments and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Pickering

---

. . . *continued*

substantial mitigating circumstances, and evidence of innocence, which trial counsel never investigated, identified or presented." We conclude that the district court did not err by denying this claim. *See generally Lisle v. State*, 130 Nev., Adv. Op. 39, 351 P.3d 725, 734 (2015) (observing that "an actual-innocence inquiry in Nevada must focus on the objective factors that make a defendant eligible for the death penalty," that is, the aggravating circumstances, and, therefore, a claim of actual innocence of the death penalty offered as a gateway to reach a procedurally defaulted claim cannot be grounded in new evidence of mitigating circumstances). Further, because he did not raise a claim in his postconviction petition that he is actually innocent of first-degree murder, we need not consider that claim. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004). As to Emil's contention that the district court misapplied the law-of-the-case doctrine in denying his petition, we conclude that no relief is warranted.

[4]The Honorable Mark Gibbons, Justice, voluntarily recused himself from participation in the decision of this matter.

cc: Hon. Douglas W. Herndon, District Judge
Federal Public Defender/Central Dist. of CA.
Joel M. Mann, Chtd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A