# IN THE SUPREME COURT OF THE STATE OF NEVADA

PABLO RAMON GUERRERO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69678

**FILED**

JUN 1 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court dismissing a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Pablo Ramon Guerrero filed his petition on September 8, 2015, more than ten years after issuance of the remittitur from his direct appeal on July 12, 2005. *Guerrero v. State*, Docket No. 43115 (Order Affirming in Part, Reversing in Part, and Remanding, June 15, 2005). Thus, Guerrero's petition was untimely filed. *See* NRS 34.726(1). Additionally, Guerrero's petition was successive because he previously litigated the same claims in his first postconviction petition for a writ of habeas corpus. *Guerrero v. State*, Docket No. 59697 (Order of Affirmance, January 16, 2013); *see also* NRS 34.810(2). Guerrero's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3); *see also State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."). Moreover, because the

State specifically pleaded laches, Guerrero was required to overcome the rebuttable presumption of prejudice to the State. *See* NRS 34.800(2).

First, Guerrero claims he had good cause to excuse the procedural bars because counsel for his first postconviction appeal was not acting as his agent. After being given the option of filing a motion to discharge appellate postconviction counsel and retaining substitute counsel or proceeding pro se, Guerrero "informed the court of his desire to maintain the representation of counsel" in his first postconviction appeal. *Guerrero v. State*, Docket No. 59697 (Order of Affirmance, January 16, 2013), at 4 n.2. Guerrero chose to remain represented by postconviction appellate counsel, and he fails to demonstrate counsel abandoned him or was not acting as his agent. *See Maples v. Thomas*, 565 U.S. 266, 280-81 (2012) (holding "[c]ause for a procedural default exists where something *external* to the petitioner . . . impeded his efforts to comply with the State's procedural rules" and "[n]egligence on the part of petitioner's [ ] attorney does not qualify as cause . . . because the attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent," but recognizing abandonment by an attorney severs the principal-agent relationship (internal quotation marks and citations omitted)); *Crump v. Warden*, 113 Nev. 293, 304, 934 P.2d 247, 253 (1997) (recognizing that an "attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error" (internal quotation marks omitted)). Therefore, Guerrero fails to demonstrate good cause with this argument.

Second, Guerrero claims he had good cause to excuse the procedural bars because counsel for his first postconviction appeal was

ineffective. "We have consistently held that the ineffective assistance of post-conviction counsel in a noncapital case may not constitute 'good cause' to excuse procedural defaults . . . because there is no constitutional or statutory right to the assistance of counsel in noncapital post-conviction proceedings, and where there is no right to counsel there can be no deprivation of effective assistance of counsel." *Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 870 (2014) (alteration omitted) (internal quotation marks omitted). While Guerrero argues that he was entitled to the effective assistance of appellate postconviction counsel based on statutory interpretation, this court's supervisory powers, or due process, we are unconvinced. *See Bejarano v. Warden*, 112 Nev. 1466, 1470, 929 P.2d 922, 925 (1996) ("[A]n indigent defendant may choose to accept discretionarily appointed counsel [for postconviction proceedings]; however, that counsel need not be 'effective' as is required of counsel during trial and on direct appeal." (internal footnote omitted)). Therefore, Guerrero fails to demonstrate appellate postconviction counsel's actions constitute good cause.

Even assuming Guerrero had demonstrated good cause, he fails to demonstrate prejudice that "work[ed] to his *actual* and substantial disadvantage, infecting his entire trial with error." *Riker*, 121 Nev. at 232, 112 P.3d at 1075 (emphasis in original) (internal quotation marks omitted); *see also* NRS 34.726(1); NRS 34.810(1)(b), (3). Therefore, Guerrero fails to demonstrate actual prejudice sufficient to overcome the procedural bars.

Next, Guerrero claims he is actually innocent of some of the crimes for which he was convicted and therefore he can demonstrate a fundamental miscarriage of justice so as to overcome the procedural bars.

However, Guerrero's failure to provide the trial transcripts precludes our review of this claim. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) ("[A] petitioner claiming actual innocence must show that it is more likely than not that no reasonable juror would have convicted him absent a constitutional violation."). Therefore, Guerrero fails to demonstrate a fundamental miscarriage of justice.

Last, Guerrero claims that the district court erroneously applied the doctrine of laches because he was not the source of the delay and because the State failed to show prejudice, arguing that the presumption of prejudice in NRS 34.800(2) is unconstitutional. NRS 34.800(2) provides that a period exceeding five years between a decision on direct appeal and the filing of a petition "creates a rebuttable presumption of prejudice to the State." Despite his assertions, Guerrero fails to demonstrate that fault for the delay is relevant under NRS 34.800 or that the rebuttable presumption of prejudice is unconstitutional. Guerrero also fails to rebut the presumption of prejudice as Guerrero concedes his claims have been previously raised and, as concluded above, he fails to demonstrate a fundamental miscarriage of justice. *See* NRS 34.800(1) (allowing for dismissal of a delayed petition if the State is prejudiced in responding to the petition, unless the petitioner could not have reasonably known the grounds for the petition before the prejudice occurred, or if the State is prejudiced in conducting a retrial, unless a fundamental miscarriage of justice occurred in the trial or at sentencing). Therefore, Guerrero failed to rebut the presumption of prejudice to the State, and we

conclude that the district court did not err in determining that the petition was barred by laches.

Having reviewed the documents submitted on appeal and for the reasons set forth above, we conclude that Guerrero is not entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Elissa F. Cadish, District Judge
   Mario D. Valencia
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk