# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK CHARLES ZANINI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72718

FILED

JUN 06 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Frank Zanini was convicted in 2009 of two counts of sexual assault with a minor under 16 years of age and one count of sexual assault with a minor under 14 years of age for the chronic sexual abuse of J.Z. Zanini appealed and this court affirmed his conviction in 2012. Zanini subsequently petitioned for a writ of habeas corpus, arguing ineffective assistance of trial counsel, which the district court denied.

Zanini appeals from the district court's decision, arguing that his trial counsel was ineffective for failing to (1) move to dismiss before jury empanelment, or alternatively, to request a trial continuance upon receipt of late discovery; (2) request a psychological examination of J.Z., the key witness for the State; (3) investigate untested DNA evidence which could have been exculpatory; (4) investigate his medical limitations which could have served as a defense to some of the counts; and (5) move to strike two

counts unsupported by evidence. Zanini also argues that these errors amount to cumulative error.[1]

*Standard of review*

We review the district court's resolution of ineffective assistance of counsel claims de novo, giving deference to the district court's factual findings if "they are supported by substantial evidence and are not clearly wrong." *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). "To prevail on a claim of ineffective assistance of trial counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense." *Nika v. State*, 124 Nev. 1272, 1279, 198 P.3d 839, 844 (2008) (recognizing the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). A defendant has the burden of "demonstrat[ing] prejudice by showing a reasonable probability that but for counsel's errors, the result of the trial would have been different." *Id.* at 1279, 198 P.3d at 844. Additionally, if a defendant fails to show either aspect of the test—deficient performance or prejudice—the district court need not consider the other aspect. *Id.* ("A court need not consider both prongs of the *Strickland* test if a defendant makes an insufficient showing on either prong.").

Counsel is presumed effective and a habeas petitioner must prove the factual bases for ineffectiveness by a preponderance of the

---

[1]We note that counsel's record cites throughout the opening brief are to voluminous page ranges (e.g., citing 5 AA 713-7 AA 1004 for a fact that is located on a single page of the record). These haphazard citations to the record made record review extremely difficult and time consuming. We strongly admonish counsel regarding her responsibility to properly cite to the record pursuant to NRAP 28(e)(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

evidence. *Means v. State*, 120 Nev. 1001, 1011-12, 103 P.3d 25, 32-33 (2004). "Effective counsel does not mean errorless counsel, but rather counsel whose assistance is within the range of competence demanded of attorneys in criminal cases." *Jackson v. Warden*, 91 Nev. 430, 432, 537 P.2d 473, 474 (1975) (internal quotation marks omitted). Trial counsel "has the immediate—and ultimate—responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop." *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167-68 (2002) (internal quotation marks omitted).

*Trial counsel was not ineffective for failing to file a timely motion to dismiss or request a trial continuance*

Zanini argues that his trial counsel was ineffective because, although she informed the court that she would be filing a motion to dismiss for *Brady*[2] violations based on the untimely disclosure of the interview J.Z. had with detectives, she did not insist on having the motion heard prior to selection of the jury. Zanini argues that this prejudiced him because judges are less likely to grant motions to dismiss after the jury has been sworn and double jeopardy attaches. Zanini further argues that, alternatively, once his counsel received the late discovery, she should have requested a pretrial continuance to adequately investigate whether the State had improperly influenced J.Z. as a witness.

Zanini fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. On direct appeal, this court concluded that no *Brady* violation had occurred because the evidence was not exculpatory, the State disclosed the evidence as soon as it was aware of it, and Zanini was still able to use it during cross-examination at trial.

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

*Zanini v. State*, Docket No. 55604, at 3 (Order of Affirmance, February 24, 2012). This court also concluded that "[t]he district court properly determined that there was no witness tampering that would justify dismissal based on the detectives' interview with J.Z." *Id.* Zanini fails to demonstrate a reasonable probability of a different outcome at trial had counsel insisted on having the motion to dismiss heard before jury empanelment or requested a continuance upon receipt of the State's late discovery. *See Nika*, 124 Nev. at 1279, 198 P.3d at 844. Thus, the district court did not err in denying this claim.

*Trial counsel was not ineffective for failing to obtain a psychological evaluation of J.Z. prior to trial*

Zanini argues that his trial counsel was ineffective for failing to obtain a psychological evaluation of J.Z. prior to trial. Zanini cites *Koerschner v. State*, which states that a court should grant a defendant's request for a psychological examination of an alleged victim based on three factors:

> whether the State actually calls or obtains some
> benefit from an expert in psychology or psychiatry,
> whether the evidence of the offense is supported by
> little or no corroboration beyond the testimony of
> the victim, and whether there is a reasonable basis
> for believing that the victim's mental or emotional
> state may have affected his or her veracity.

116 Nev. 1111, 1116-17, 13 P.3d 451, 455 (2000). Zanini contends that the first factor was met when the State noticed an expert witness based on information that J.Z. might recant her allegations against him. According to Zanini, the other factors were also met since the State's case rested primarily on J.Z.'s uncorroborated testimony, and there was ample evidence to question J.Z.'s veracity. Zanini argues that because the *Koerschner* factors were present, trial counsel was ineffective for failing to obtain a

psychological evaluation of J.Z. to help impeach her testimony. We disagree.

First, although the State noticed a psychological expert, the State did not call that expert to testify at trial. Second, the State introduced DNA evidence and testimony from other witnesses which served to corroborate J.Z.'s testimony. Thus, Zanini fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced because there is nothing in the record before us to suggest that the district court would have granted his request for a psychological evaluation had one been made.

Moreover, Zanini's trial counsel testified at the evidentiary hearing that it was a strategy decision not to request the evaluation, because "[w]hen the psychological evaluation has been granted, it has been used against the defense as often as it has been helpful to the defense." Counsel further testified that she "honestly felt that [she] had the actual evidence of [J.Z.] being a liar and so the psychological evaluation in [her] opinion wouldn't have been particularly helpful." "Strategic choices made by counsel after thoroughly investigating the plausible options are almost unchallengeable." *Dawson v. State*, 108 Nev. 112, 117, 825 P.2d 593, 596 (1992). Accordingly, we conclude that the district court did not err in denying this claim.

*Trial counsel was not ineffective for failing to investigate DNA evidence*

At trial, the State presented DNA evidence of Zanini's sperm obtained from carpet in the room J.Z. occupied and from a white throw blanket from J.Z.'s bed. The State's DNA expert testified on cross-examination that Zanini's DNA was also mixed with the DNA of another unidentified person. Zanini argues that his trial counsel was ineffective for failing to investigate the source of the mixed DNA, because the jury inferred it was J.Z.'s DNA when the DNA could have been from Zanini's wife. Zanini

fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced.

The State's DNA expert testified that the DNA "sample . . . [was] not suitable for comparison. Even if I had somebody else to test it, I wouldn't be able to make a conclusion." Although Zanini speculates that the DNA evidence could have been exculpatory, he does not demonstrate that it was unreasonable for his counsel not to request further DNA testing. In fact, Zanini's trial counsel testified at the evidentiary hearing that it was better to argue that it was not J.Z.'s DNA than to have it tested and potentially confirm that it was J.Z.'s DNA. Because this was a well-reasoned strategic decision, we conclude that Zanini's argument lacks merit, *see Dawson*, 108 Nev. at 117, 825 P.2d at 596, and the district court did not err in denying this claim.

*Trial counsel was not ineffective for failing to investigate Zanini's medical limitations*

Prior to trial, Zanini's counsel learned that he had been in a serious auto accident in 2002 where he fractured his back and neck. Zanini argues that his counsel was ineffective for failing to further investigate his accident and obtain medical records to establish that he physically could not have performed some of the sex acts described in the counts charged against him. Zanini further argues that the medication he was on reduced his desire for sex. However, as Zanini concedes, he was only convicted of one of the counts for which his medical limitations could have served as a potential defense. And Zanini's wife testified that they still engaged in sexual activity at least monthly after the accident occurred. Zanini fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced.

Additionally, Zanini's trial counsel testified at the evidentiary hearing that she decided to present one strong theory of defense—J.Z.'s lack

of credibility—and that bringing in the medical argument would weaken that defense. "Tactical decisions are virtually unchallengeable absent extraordinary circumstances." *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Zanini fails to demonstrate a reasonable probability of a different outcome at trial had counsel further investigated his accident and obtained his medical records. *See Nika*, 124 Nev. at 1279, 198 P.3d at 844. Thus, the district court did not err in denying this claim.

*Trial counsel was not ineffective for failing to move to strike two of the counts*

In the State's closing argument, it conceded that it presented no evidence in support of counts 8 and 14. Zanini argues that his trial counsel was ineffective for failing to move to strike the superfluous counts pursuant to NRS 173.085 before the case was submitted to the jury. Zanini contends that having a greater number of counts leads to an inference of guilt by the jury. However, the jury acquitted Zanini on most of the counts for which he was charged, including counts 8 and 14. As we previously explained in resolving Zanini's direct appeal, "[t]he fact that the jury acquitted or hung on most of the counts evidences that it carefully considered each count . . . ." *Zanini v. State*, Docket No. 55604, at 6 (Order of Affirmance, February 24, 2012). Accordingly, Zanini fails to demonstrate that his trial counsel's performance was deficient, that he was prejudiced, or that there was a reasonable probability of a different outcome at trial had those counts been stricken. *See Nika*, 124 Nev. at 1279, 198 P.3d at 844. Thus, the district court did not err in denying this claim.

*Cumulative error*

"The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115

(2002). Because Zanini has failed to demonstrate any error, there is nothing to cumulate.

Accordingly, for the reasons set forth above, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Elissa F. Cadish, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk